Decree of the surrogate of Yates county, appealed from, reversed, with costs to the appellants, payable by the respondents personally, and the original probate of the will confirmed, with costs payable by petitioners. All concur.

---

## LATHROP v. WOODWARD.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

**1. LIMITATIONS—NEW PROMISE—EVIDENCE.**

Defendant, who had executed his notes to plaintiff, paid one half of their amount on their surrender to him by plaintiff, promising to pay the balance when able. Plaintiff retained a policy of insurance on defendant's life assigned to him as security, paying the premiums thereon, until after the statute of limitations had run against the balance still due. He then surrendered the policy to defendant. *Held,* in an action to recover the balance, that plaintiff's evidence that the consideration for the surrender of the policy was defendant's promise, not only to reimburse him for the premiums, with interest, but also to pay the balance due on the original debt, with interest, was corroborated by the fact that the parties computed the interest on the balance of the debt when the policy was surrendered; and that a referee's finding in plaintiff's favor would not be disturbed, though defendant denied that he promised to pay any part of the original debt.

**2. SAME—NEW PROMISE—CONSIDERATION—PART PAYMENT.**

The surrender of the policy to defendant was a sufficient consideration for the promise then made by him to pay the balance of the original debt, though the statute of limitations had run against it; and his payment to plaintiff of a sum equaling the amount of the premiums paid by the latter must be treated as a part payment of the entire debt, sufficient to take it out of the operation of the statute of limitations.

Appeal from judgment on report of referee.

Action by Francis C. Lathrop against Orator F. Woodward to recover balance due plaintiff from defendant. From a judgment entered on the report of a referee, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

E. A. Washburn, for appellant.

T. P. Heddon, for respondent.

MACOMBER, J. Upon evidence entirely satisfactory, the learned referee has found as a fact that on the 24th day of July, 1882, the defendant was indebted to the plaintiff in the sum of $2,870.66, represented by four promissory notes executed by the defendant, in all being $2,200, and certain cash items of moneys theretofore advanced by the plaintiff for the benefit of the defendant. On that day the defendant paid to the plaintiff one half of such indebtedness, and thereupon the plaintiff surrendered the four notes, and executed and delivered to the

defendant receipts acknowledging payment in full of the cash items. This payment, and the return of the commercial paper to the defendant, were made in pursuance of a compromise of the indebtedness owing by the defendant to the plaintiff. No other consideration for the return of the notes or for giving the receipts is shown in the case. At this time the plaintiff was the holder, by assignment, of a policy of life insurance upon the life of the defendant in the sum of $3,000, the policy being issued by the Mutual Life Insurance Company of New York. This assignment, though in form absolute, was in fact intended as collateral security for the payment by the defendant of his indebtedness to the plaintiff. The plaintiff testified that at the time of this compromise the defendant agreed to pay to the plaintiff the remaining 50 per cent. of his indebtedness when he should be able to do so. This testimony is not contradicted by the defendant. It throws much light upon the subsequent transactions of the parties, and in our judgment is quite decisive of the case upon the mooted questions of fact presented. It appears that the plaintiff did not surrender or reassign the life insurance policy to the defendant at the time of the compromise, but retained it till the 16th day of May, 1890, and continued to pay the premiums thereon down to that time, all of which was done with the full knowledge and consent of the defendant. At the last-named date the defendant requested the plaintiff to reassign the policy, and then promised that, if the plaintiff would do so, he would pay to the plaintiff the amount so advanced by him for premiums, with interest thereon, together with the unpaid balance of the original indebtedness; the amount of premiums and interest thereon to be paid at once, and the balance of the principal and interest of the original indebtedness in future installments commencing in December, 1890, and continuing thereafter, at the defendant's convenience, with interest thereon from the 16th day of May, 1890. Such is the case presented by the plaintiff's evidence, and which was disputed by the defendant. But, in arriving at the conclusion of fact in this regard, we think that the learned referee followed the directions given by the evidence. Many circumstances existed to show that the contention made by the plaintiff was the correct one, and that the defendant was in error in regard thereto. For instance, they both agree that on the 16th day of May, 1890, the entire amount of interest was computed and ascertained on the one half of the original indebtedness still unpaid, as well as upon the several premiums advanced by the plaintiff since the year 1882. At the request of the defendant the computations were put upon separate pieces of paper by the plaintiff, and handed to the defendant,—an entirely senseless proceeding had the defendant then been standing upon the claim now made by him in his answer, that there existed no indebtedness owing by him to the plaintiff which had accrued within six years next preceding the begining of this action. No part of this remaining indebtedness, aside from the premiums and interest thereon, having been paid, this action may, we think, under the circumstances stated, be maintained for the recovery of such unpaid balance. The true ground of such recovery is that on and after the arrangement made on the 24th day of July, 1882,

the parties did not regard their financial transactions as terminated; and the plaintiff, on the 16th day of May, 1890, holding the policy of life insurance, (whether absolutely or as collateral security for the indebtedness is an unimportant matter,) had in his possession tangible property of value, and the surrender of this to the defendant was a good and sufficient consideration for the promise then made by the defendant to pay the remaining one half of the original indebtedness, although the statute of limitations had passed against it. Under the circumstances disclosed, we think that the contention of the defendant, that the sole consideration for the reassignment of the life policy by the plaintiff to him was the payment of the unpaid balance of premiums advanced by the plaintiff, and interest thereon, is untenable. The payment, therefore, of the sum of $481.50 on the 16th day of May, 1890, must be deemed to have been a payment upon the entire indebtedness owing by the defendant to the plaintiff, and was sufficient to take the remaining one half of the original indebtedness existing in 1882 out of the operation of the statute of limitations. It follows, therefore, that the judgment appealed from should be affirmed. All concur.